UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WARREN SOILEAU, ET AL.**                                CIVIL ACTION

**VERSUS**                                                NO:    20-484

**GPS MARINE, LLC, ET AL.**                              SECTION: "T" (4)

ORDER

Before the Court is a **Motion for Leave to Serve Third-Party Subpoenas Prior to a Rule 26(f) Conference (R. Doc. 11)** filed by Plaintiffs Warren Soileau and twenty-nine current and/or former employees of Defendant GPS Marine, LLC ("GPS Marine") for the purpose of identifying additional defendants and obtaining information necessary for claimants to preserve their claims and remedies adverse GPS Marine and the fleet of vessels it operates. This motion is not opposed.

I.   Background

Plaintiffs are seamen seeking unpaid wages against their current and/or former employer GPS Marine, and the vessels upon which they served between December 2019 and February 2020. R. Doc. 1. Plaintiffs allege that upon completion of their scheduled work that they either did not receive pay checks or received paychecks that were ultimately dishonored for non-sufficient funds (N.S.F.) where GPS Marine's payroll account lacked enough funds to clear the amount for which the checks were drawn. *Id.*

Plaintiffs also contend that, since December 2019, GPS Marine has selectively paid certain current and former employees, but all of those "payments have been made in cash or with checks from other companies, including GPSI Investments, LLC; V & B Shrimping; and Gator Crane

Service, LLC." R. Doc. 11-1, p. 2. Plaintiffs further contend that GPS Marine is operating under a newly formed entity, Reed Marine, LLC ("Reed Marine").[1] *Id.*

GPS Marine was served with the summons and a copy of the original complaint on February 13, 2020. R. Doc. 9. GPS Marine was also served with an amended complaint on March 13, 2020. R. Doc. 10. To this date, GPS Marine has not filed an answer and the deadlines for doing so have expired.[2] Fed. R. Civ. Pro. 12(a)(1)(A)(I) (defendant must serve answer or responsive pleading "within 21 days after being served with the summons and complaint"). Plaintiffs further suggest that GPS Marine has indicated to Plaintiffs that they are not going to hire an attorney to file responsive pleadings. R. Doc. 11-1, p. 2. On April 22, 2020, the District Judge issued an Order requiring Plaintiffs to show cause by May 22, 2020, as to why Plaintiffs have not moved for entry of default where Defendants have yet to answer their complaint. R. Doc. 13.

As to this instant motion, Plaintiffs seek to serve initial subpoenas on Turn Services, Inc. ("Turn") and Coastal Marine Contractors, LLC ("Coastal"). *Id.* Turn and Coastal are clients of GPS Marine; as such, Plaintiffs contend that Turn and Coastal's invoices, logs, correspondence, payments, and proof of payments are necessary to determine which entities are receiving payments for services rendered by the vessels upon which the Plaintiffs served. *Id.* Plaintiffs claim identification of these entities is necessary to ascertain all proper Defendants and garner information necessary to support Plaintiffs' claims. *Id.*

---

[1] According to Plaintiffs, Reed Marine, LLC was formed on March 11, 2020. R. Doc. 11-1, p. 2. Reed Marine is not a named Defendant in Plaintiffs' Complaints. R. Doc. 1 & 6.

[2] Defendants deadline to answer the complaints were March 5, 2020 and April 3, 2020 respectively.

## II.     **Standard of Review**

Federal Rules of Civil Procedure ("Rule") 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Although the Rules do not provide a standard for the court to use in exercising its authority to order expedited discovery, it is generally accepted that courts use one of the following two standards to determine whether a party is entitled to conduct such discovery: (1) the preliminary-injunction-style analysis or (2) the "good cause" standard, which has been used interchangeably with the "reasonableness" standard. *BKGTH Prods., LLC v. Does 1-20*, Civ. A. No. 13-5310, 2013 WL 5507297, at *4 (Roby, M.J.) (E.D. La. 2013) (citing *St. Louis Group, Inc., v. Metals and Additives Corp., Inc., et al.*, 275 F.R.D. 236, 239 (S.D.Tex. 2011); *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982); and *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 386 (E.D. Wis. 2009)).

The Fifth Circuit has yet to adopt a standard, however, several district courts within the Fifth Circuit have expressly utilized the "good cause" standard when addressing this issue. *BKGTH Prods.*, 2013 WL 5507297, at *4 (quoting 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 2046.1 (3d ed. 2010)) ("[w]ithout any binding authority to the contrary, and in light of the fact that a majority of courts have adopted the 'good cause' standard, this Court believes that a showing of good cause should be made to justify an order authorizing discovery prior to the Rule 26(f) conference"); *see also St. Louis Group*, 275 F.R.D. at 240 (listing cases in the Fifth Circuit that have utilized the "good cause" standard); *Crutchfield v. City of New Orleans*, No. CV 17-08562, 2017 WL 4812408, at *2 (North, M.J.) (E.D. La. Oct. 25, 2017) (same).

The good cause analysis requires the court to determine whether "good cause" exists to allow for expedited discovery. *BKGTH Prods.*, 2013 WL 5507297, at *4. The good cause analysis considers factors such as the "breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests and how far in advance of the typical discovery process the request was made." *St. Louis Group*, 275 F.R.D. at 240, n. 4 (citing *Sunflower Elec. Power Corp. v. Sebelius*, Civ. A. No. 08-2575, 2009 WL 774340, at *2 (D. Kan. 2009) and *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005)).

"In a 'good cause' analysis, a court must examine the discovery request 'on the entirety of the record to date and the ***reasonableness*** of the request in light of all the surrounding circumstances'." *St. Louis Group*, 275 F.R.D. at 239–40; *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)) (emphasis in original). Although the factors used by Courts may vary, good cause typically exists where "the need for expedited discovery outweighs the prejudice to the responding party." *St. Louis Group*, 275 F.R.D. at 239–40; (quoting *Energy Prod. Corp. v. Northfield Ins. Co.*, 2010 WL 3184232, at * 3 (E.D. La. 2010)); *see also, e.g., West Coast Productions, Inc., v. Does 1–169*, 2013 WL 3793969, at *1 (D.N.J. 2013) (quoting *Am. Legalnet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1066 (C.D.Cal. 2009); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D.Cal. 2002).

The burden of showing good cause is on "the party seeking the expedited discovery." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo. 2003). A party seeking expedited discovery must narrowly tailor their requests in scope to the necessary information they seek. *St. Louis Group*, 275 F.R.D. at 240; *Semitool*, 208 F.R.D. at 277 (discovery requests held to be narrowly tailored where Defendants' representative is not subjected to a free-

4

ranging deposition); *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 532 (E.D.N.C. 2005) (considering that the discovery request was not narrowly tailored in denying plaintiffs' motion for expedited discovery); *see also Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D.Mo. 2008) ("Courts generally deny motions for expedited discovery when the movant's discovery requests are overly broad.") (citing *Irish Lesbian & Gay Org. v. Giuliani*, 918 F.Supp. 728, 730–31 (S.D.N.Y. 1996)).

However, Courts in the Fifth Circuit have stated that "irrespective of the standard applied, '[e]xpedited discovery is not the norm'." *St. Louis Group*, 275 F.R.D. at 204 (quoting *Merrill Lynch*, 194 F.R.D. at 623). In limited circumstances though, district courts have allowed expedited discovery "when there is some showing of irreparable harm that can be addressed by limited, expedited discovery." *Id.* at 204–205. *See e.g., JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 615 F.Supp.2d 278, 282–83 (S.D.N.Y. 2009) (granting expedited discovery to plaintiffs to determine the location of missing art pledged as collateral for $50 million promissory note); *Ayyash*, 233 F.R.D. at 326–27 (allowing expedited discovery on third-parties to locate assets in the United States relating to foreign defendants who had the incentive to hide those assets); *Pod–Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D.Colo. 2002) (allowing limited discovery in infringement action where bean plant variety at issue is a commodity subject to sale and consumption and might not be available for inspection at a later date); *McMann v. Doe*, 460 F.Supp.2d 259, 265–66 (D.Mass. 2006) (allowing expedited discovery on basis that showing of irreparable harm had been made because plaintiff could receive no remedy without knowing defendant John Doe's true name).

Courts also look to whether evidence would be lost or destroyed with time and whether the proposed discovery is narrowly tailored. *Killer Joe Nevada, LLC v. Does 1–31*, 2013 WL 3270384,

at *1 (S.D.Ohio 2013) (quoting *Best v. Mobile Streams, Inc.*, 2012 WL 5996222, *1 (S.D.Ohio 2012) (citing *Arista Records, LLC v. Does 1–9,* 2008 WL 2982265 (S.D.Ohio 2008)); *see also Arista Records, LLC v. Does 1–15*, 2007 WL 5254326 (S.D.Ohio 2007).

### III. <u>Analysis</u>

The Court is not satisfied that Plaintiffs have shown that good cause exists for expediting discovery. As an initial matter, unlike most cases analyzing the same issue, no John Doe defendants are even named in the instant complaints. *See* R. Docs. 1 & 6. Notwithstanding, Plaintiffs have expressed a desire to potentially amend their Complaints to name additional defendants based upon the information received in response to these discovery requests. *See, e.g.*, R. Doc. 11-1, p. 4. Thus, in order to show good cause to propound discovery prior to a Rule 26(f) conference, Plaintiffs must demonstrate that identifying these defendants is necessary in order to advance this litigation. *See Best*, 2012 WL 5996222, at *2; *see also Arista Records*, 2008 WL 2982265, at *4–5.

Plaintiffs contend that they have demonstrated good cause where Defendant GPS Marine in now acting and operating under the auspices of a new company, Reed Marine. Plaintiffs there suggest, to the degree that GPS Marine could be liable, it is attempting to evade responsibility by changing its form. As such, Plaintiffs contend that serving these subpoenas on two clients of GPS Marine will enable them to determine which entities are receiving payments for services rendered by the vessels upon which the Plaintiffs served. Plaintiffs further contend this information will then allow them to ascertain all the proper defendants. R. Doc. 11-1, p. 2.

Here, the Court notes that Plaintiff's complaints seek unpaid wages. R. Doc. 1. In providing scant information to the Court, Plaintiffs fails to explain how receiving invoices, logs, correspondence, and proof of payments of its former employer's clients have any bearing on their time records. While Plaintiffs contend that they are attempting to uncover whether GPS Marine is

6

operating under an alter ego, the Court is of the opinion there more procedurally proper avenues exist for identifying the proper corporate defendant besides disrupting non-parties' business operations, which ultimately does not aid Plaintiffs in their determining the number of hours of work completed for which they allege are due and owing.

In addition, it also eludes the Court's understanding that, in expressing a desire to name all the proper defendants, why Plaintiffs would not first seek information from Reed Marine LLC or the other companies in which Plaintiffs contend they have received some forms of compensation to include cash or check payments.[3] In pursuing the discovery first from the clients, as opposed to the companies which potentially share liability, it appears that Plaintiffs seek the Court allow them to take an end-around and inefficient way of retrieving the information they claim to desire. As such, it is abundantly clear to the Court other reasonable means exist for Plaintiffs to discover the identities of the potential defendants. *See BKGTH*, 2013 WL 5507297, at *6.

Finally, to the extent that Plaintiffs seek the latitude to issue other Rule 45 subpoenas it finds necessary without prior leave of court and before the parties' Rule 26(f) conference (*See* R. Doc. 11-1, p. 4), this Court will not allow an outright fishing expedition. Should discovery be necessary, Plaintiffs must again seek leave of court and show good cause before propounding discovery prior to a Rule 26(f) conference.

As such, the Court does not find good cause exists to serve Rule 45 Subpoenas prior to the parties' Rule 26(f) conference and denies Plaintiffs' request seeking the same.

---

[3] Here, the Court notes the nonsensical phrasing of Plaintiff's contention that "payments have been made in cash or with checks from other companies, including GPSI Investments, LLC; V & B Shrimping; and/or Gator Crane Service, LLC." R. Doc. 11-1, p. 2. While it makes sense to the Court that Plaintiffs would be unable to trace the source of any checks issued by these companies, it is another thing entirely to suggest that Plaintiffs can proclaim to know the source of any cash. As written, it is unclear to the Court whether each of those three companies issued checks which Plaintiffs can positively identify the company source or whether Plaintiffs are somehow contending they have the ability to trace the source of cash funds, which the Court highly doubts.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Leave to Serve Third-Party Subpoenas Prior to a Rule 26(f) Conference (R. Doc. 11)** is **DENIED**.

New Orleans, Louisiana, this 18th day of May 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**