UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WARREN SOILEAU, ET AL.**                               **CIVIL ACTION 20-484**

**VERSUS**

**GPS MARINE, LLC, ET AL.**                                 **SECTION: "T"(4)**

## ORDER

Before the Court is GPS Marine, LLC's Motion for a More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure.[1] Warren Soileau, Danny Neal, Dexter Neal, Paul Champagne, Jeremy Marshall, Ryan Guthrie, Roland Thibodeaux, Colby Perez, Bryce Daigle, Eric Hillhouse, Bradly Bishop, Brandon Bonona, and Harry Smith ("Plaintiffs") have filed an opposition.[2] For the following reasons, **IT IS ORDERED** that the Motion for a More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure[3] is **DENIED**.

On February 11, 2020, Plaintiffs initiated this action by filing a complaint seeking recovery of unpaid wages and various other damages against their former employer GPS Marine LLC ("GPS").[4] Plaintiffs also named defendant vessels, M/V T.W. Boudreaux, M/V Devin Schieffler, M/V Capt. Vince Gambarella, and M/V Capt. Russell L, in rem. Plaintiffs allege they worked aboard the various named U.S. flagged towing vessels operated by GPS between December 2019 and February 2020 and that GPS ceased paying its employees in the beginning of December. Plaintiffs allege they are all seamen who have not been paid for services rendered to GPS aboard its fleet of vessels.

---

[1] R. Doc. 22.
[2] R. Doc. 33.
[3] R. Doc. 22.
[4] R. Doc. 1.

1

GPS has filed the instant motion seeking a more definite statement contending that Plaintiffs do not allege which Plaintiff worked aboard which vessel and on what dates. GPS further contends plaintiffs do not allege the amount of wages each Plaintiff allegedly earned aboard each vessel that was purportedly not paid or the amount of the maritime lien claim asserted against each vessel by each Plaintiff. GPS asserts that the defects in Plaintiffs' pleadings take on a heightened significance because Plaintiffs have already undertaken the extraordinary procedural remedy of arresting three vessels, and potentially may seek the arrest of a fourth vessel—the M/V CAPT. T.W. BOUDREAUX—by naming her in the Complaints as an in rem defendant.

A district court will grant a motion for a more definite statement pursuant to Rule 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[5] The motion must state the defects in the pleading and the details desired.[6] A party, however, may not use a Rule 12(e) motion as a substitute for discovery.[7] Given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored.[8]

In this case, the Court finds Plaintiffs' complaint is not so vague or ambiguous that GPS cannot reasonably be required to frame a responsive pleading. Plaintiffs' complaint alleges that the former employees of GPS marine are owed back wages for their work onboard GPS's fleet of vessels. As Plaintiffs point out, GPS should have records to show the vessels on which Plaintiffs worked. Plaintiffs allege enough information in the complaint to allow the defendants to be able to reasonably respond to Plaintiffs' complaint. After reviewing the complaint, the

---

[5] Fed. R. Civ. P. 12(e).
[6] *See id.*
[7] *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959).
[8] *Gibson v. Deep Delta Contractors, Inc.*, 2000 WL 28174, *6 (E.D.La.2000).

Court finds Plaintiffs have satisfied the pleading requirements of Federal Rules of Civil Procedure Rule 8.

Accordingly, **IT IS ORDERED** that the Motion for a More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure[9] is **DENIED**.

**New Orleans, Louisiana**, on this 9th day of October, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. 22.